[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-10443
Non-Argument Calendar

————————————————

D.C. Docket No. 4:13-cv-00248-HLM

STEPHANIE JOHNSON,

Plaintiff - Appellant,

versus

BANK OF AMERICA, N.A.,
THE BANK OF NEW YORK MELLON,
f.k.a. The Bank of New York,
CWABS, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MCCALLA RAYMER, LLC, et al.,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(November 6, 2014)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Stephanie Johnson appeals from the district court's final order granting the motions to dismiss filed by the Defendants-Appellees (which include several banks referred to as the "Bank Defendants," Warranty Title Insurance Co., and the law firm McCalla Raymer, LLC) and denying her motion to remand the case to state court.  The action stems from the Defendants-Appellees' non-judicial foreclosure on real property owned by Johnson in Rossville, Georgia, and in the first complaint she filed in the Superior Court of Walker County, Georgia, Johnson alleged that the Defendant-Appellees had failed to provide proper notice of the foreclosure.  After the state court granted McCalla's motion to dismiss for failure to state a claim and for Johnson's failure to timely respond to the motion to dismiss, the remaining defendants removed the action to federal district court, which then granted Johnson's motion for voluntary dismissal.

Thereafter, Johnson filed the instant action in state court against the Defendants-Appellees, including McCalla, and the Defendants-Appellees removed the case to the United States District Court for the Northern District of Georgia based upon diversity of citizenship jurisdiction.  Although the notice of removal conceded that Johnson and McCalla were both citizens of the State of Georgia for purposes of determining diversity of citizenship jurisdiction, the notice argued that McCalla was fraudulently joined in the instant action in order to defeat the federal district court's diversity of citizenship jurisdiction.  The district court dismissed the

action and denied the motion to remand on res judicata and fraudulent joinder grounds, and also denied Johnson's motion for reconsideration.  On appeal, Johnson argues that: (1) Defendants-Appellees failed to show by clear and convincing evidence that the state court order dismissing McCalla from the prior action was a final order that adjudicated the claims on the merits; and (2) her complaint stated at least one claim against McCalla that was not barred by res judicata.[1]  After careful review, we affirm.

We review de novo the denial of a motion to remand.  Florence v. Crescent Res., L.L.C., 484 F.3d 1293, 1297 (11th Cir. 2007).  We also review de novo a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Bhd. of Locomotive Eng'rs. & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). We review denials of motion for reconsideration for abuse of discretion. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir.2007).

We are unpersuaded by Johnson's claim that the district court erroneously held that her claims were barred by res judicata.  In Georgia, a party seeking to invoke res judicata based upon a prior judgment must show: "(1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction."  Smith v.

---

[1]    Because she raises no other claims in her brief, Johnson has abandoned all other issues on appeal.  See Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994).

Lockridge, 702 S.E.2d 858, 863 (Ga. 2010).  Further, "[a] dismissal for failure to state a claim is a dismissal on the merits and is with prejudice."  Comprehensive Pain Mgmt. v. Blakely, 719 S.E.2d 579, 580 (Ga. App. 2011) (quotation omitted).

Johnson concedes on appeal that the state court in the first action was a court of competent jurisdiction, and that the identities of parties and identities of causes of action are satisfied in the instant action.  She claims, however, that the first action was not previously adjudicated on the merits because it only dismissed the claims as to McCalla.  However, under Georgia law the granting of a motion to dismiss operates as an adjudication on the merits of the dismissed claims. See id.

What's more, after the state court granted McCalla's motion to dismiss, Johnson voluntarily dismissed the first action following the Bank Defendants' removal to federal court.  To the extent she now argues that her voluntary dismissal somehow barred her claims against McCalla from being adjudicated on the merits, Johnson failed to raise that issue in the district court.  See Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").  But in any event, this very procedural posture was before the Georgia Court of Appeals in Roth v. Gulf Atl. Media of Georgia, Inc., 536 S.E.2d 577 (Ga. App. 2000), which addressed whether the dismissal of a claim against a defendant with prejudice operates as an adjudication on the merits when the plaintiff subsequently voluntarily dismisses the remaining

4

defendant without prejudice.  There, the court held that res judicata barred the plaintiff from reasserting a breach of contract claim against a defendant when that same claim had been previously dismissed by the trial court pursuant to O.C.G.A. § 9-11-12(b)(6) in a prior action, even if the plaintiff had voluntarily dismissed the previous action after the court's order had been entered.  See id. at 581.  The court noted that -- other than an involuntary dismissal for failure to prosecute -- "any other dismissal, other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise."  Id.  Roth further observed that the trial court had not specified "that the dismissal was not on the merits" and that "there was no appeal from the dismissal order after Roth terminated the superior court action by voluntary dismissal."  Id.

Here, Johnson presents a nearly identical situation as the plaintiff in Roth. The state court granted McCalla's motion to dismiss for failure to state a claim upon which relief could be granted and was, therefore, an adjudication on the merits.  Following the subsequent voluntary dismissal, Johnson did not attempt to appeal the order concerning McCalla.  Therefore, her attempt to renew the exact same claims against McCalla in the present suit is barred by res judicata.

As for her claim that the order concerning McCalla could not have been an adjudication on the merits because she "did not have a fair and full opportunity to

litigate it," we are unpersuaded.  Among other things, there is no requirement that there be a hearing on a submitted motion to dismiss or that any order granting that motion must first be approved by Johnson.  Indeed, "[u]nless otherwise ordered by the court, all motions . . . shall be decided by the court without oral hearing." Uniform Superior Court Rule 6.3.  Second, although a trial court must determine whether the relief requested in a motion is appropriate, the McCalla order expressly noted that the state court did in fact review the record and find dismissal on the merits appropriate. Third, if Johnson believed that there was error in granting the McCalla order, she had adequate remedies to address that issue in the first action by appealing to the Georgia Court of Appeals following her voluntary dismissal, which she did not do.  Thus, in light of the application of res judicata to her claims, Johnson has failed to explain to us how any of the claims she raised in the second action are somehow still viable against McCalla.

Finally, we reject Johnson's claim that the district court erred when it held that McCalla was fraudulently joined as a defendant in the instant action after determining that Johnson's claims against McCalla were barred by res judicata.  To establish fraudulent joinder of a non-diverse defendant, the removing party must satisfy a heavy burden of proving that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant

into state court." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).  The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." <u>Id</u>.  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Id</u>. (quotation omitted).

Here, as we've already explained, res judicata as it is applied in Georgia barred Johnson's recovery from McCalla on any of the claims, and there existed no possibility that Johnson could state a viable cause of action against McCalla in the instant case.  As a result, the district court correctly determined that McCalla was fraudulently joined as a party to the instant action.  We therefore affirm the district court's judgment, as well as its exercise of subject matter jurisdiction over the case.  Moreover, because the district court did not err in dismissing the case or in denying the motion to remand, it did not abuse its discretion in the denying her motion for reconsideration.  <u>See, e.g.</u>, <u>Makro Capital of Am., Inc. v. UBS AG</u>, 543 F.3d 1254, 1261 (11th Cir. 2008) (affirming denial of motion for reconsideration where district court did not err in granting underlying motion to dismiss).

**AFFIRMED.**